UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-00728-MWF (Ex) | **Date:** March 27, 2024 |
| **Title:** Elsa Garcia Solis v. Nissan North America Inc. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Amy Diaz

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

Before the Court is Plaintiff Elsa Garcia Solis's Motion to Remand, filed on February 23, 2024. (Docket No. 9). Defendant Nissan North America Inc. filed an Opposition on March 11, 2024. (Docket No. 11).

The Motion was noticed to be heard on **April 1, 2024**. The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore VACATED and removed from the Court's calendar.

For the reasons set forth below, the Motion is **DENIED**. Defendant's Notice of Removal was timely and the amount in controversy exceeds the jurisdictional threshold.

**I.   BACKGROUND**

Plaintiff's claims arise from the purchase of a 2022 Nissan Frontier (the "Subject Vehicle"). (Complaint (Docket No. 1-1) ¶ 8). Plaintiff alleges that the Subject Vehicle was delivered to Plaintiff with serious defects including, but not limited to, engine, electrical, structural, and transmission system defects. (*Id.* ¶ 10). Plaintiff further alleges that Defendant failed to conform the Subject Vehicle to the applicable warranties after a reasonable number of repair attempts within 30-days and/or within a reasonable time. (*Id.* ¶¶ 24, 47).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-00728-MWF (Ex) | **Date:** March 27, 2024 |
| **Title:** Elsa Garcia Solis v. Nissan North America Inc. et al. | |

Based on the above allegations, Plaintiff alleges three claims for relief under the Song-Beverly Act against Defendant: Breach of both express and implied warranties and failure to repair the Subject Vehicle within a reasonable time by the manufacturer or its representative in violation of California Civil Code section 1793.2(b). (*Id.* ¶¶ 16–57).

On April 4, 2023, Plaintiff commenced this action in Los Angeles County Superior Court. Defendant removed this action on January 26, 2024, based on this Court's diversity jurisdiction. (Notice of Removal (Docket No. 1) at 4). Defendant states in the Notice of Removal that "Plaintiff's Complaint did not reveal whether the amount in controversy meets or exceeds the amount in controversy threshold . . . nor did it indicate any demand for a specific amount." (*Id.* at 3). Defendant further states that it was not until it secured information and documentation regarding the Subject Vehicle's Retail Installment Sale Contract and repair orders that it was able to determine removability on January 5, 2024. (*Id.*). Defendant used the cost of the car, civil penalties, and attorneys' fees to calculate the amount in controversy. (*Id.* at 4–8).

Plaintiff seeks to remand this action back to Los Angeles Superior Court. (Motion at 1).

## II.  LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00728-MWF (Ex) | Date:  March 27, 2024 |
| Title:      Elsa Garcia Solis v. Nissan North America Inc. et al. | |

*Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

## III.   DISCUSSION

Plaintiff argues that Defendant's Notice of Removal was procedurally and substantively defective.  (Motion at 3).

### A.      Procedural Deficiencies

"There are two different potential 30-day removal deadlines."  *Isabelle Franklin, et al. v. Healthsource Global Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024).  The first is triggered upon service of an initial pleading that "affirmatively reveals on its face the facts necessary for federal court jurisdiction."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *see* 28 U.S.C. § 1446(b)(1).  "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered."  *Avina v. Ford Motor Co.*, No. CV 23-10573-PA (Ex), 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024).  "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."  *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)).

Plaintiff points out that Defendant's Notice of Removal comes 266 days after the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1). (Motion at 3).  Plaintiff argues that the delay in removability was caused by Defendant's lack of diligence given Defendant's response to Plaintiff's discovery request on October 10, 2023.  (*Id.* at 4).  Specifically, Defendant's response made reference to the Subject Vehicle's Retail Installment Sales Contract.  (*Id.*).  Therefore, Plaintiff argues that Defendant had "been in possession of sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action since October 10, 2023."  (Motion at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00728-MWF (Ex) | Date:  March 27, 2024 |
| Title:  Elsa Garcia Solis v. Nissan North America Inc. et al. | |

These arguments, however, are unpersuasive. The clocks for the removal deadlines under section 1446(b) begin running upon "defendant's receipt of a document from the plaintiff or the state court — not by any action of defendant." *Franklin*, 2024 WL 1055996, at *2; *see also* 28 U.S.C. § 1446(b). If neither of the removal deadlines apply, the defense may remove a case "on the basis of its own information" at any time. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (Sections "1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information."). Even if a defendant "could have" demonstrated removability earlier based on its knowledge beyond the pleadings, it is not "obligated to do so." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013).

Plaintiff's discovery response does not on its face demonstrate the existence of the jurisdictional amount. Therefore, Plaintiff seems to be making the implicit argument that a "reference" to a document (here, the Retail Installment Sales Contract) is the same as "receipt" of that document. There is no legal support for that argument. The only remaining argument, then, is that Defendant possessed sufficient information on its own to allege the jurisdictional amount. As stated above, the Ninth Circuit has rejected Defendant's own knowledge as a basis to trigger the deadline to remove. *Id*.

Accordingly, the Notice of Removal was procedurally sufficient.

### B.     Substantive Deficiencies

Plaintiff argues that Defendant's Notice of Removal failed to establish the amount in controversy. (Motion at 8). Plaintiff contends that the amount in controversy minimum is not met because the requested civil penalties and attorneys' fees, costs, and expenses are speculative. (*Id*. at 9–10).

"[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Therefore, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00728-MWF (Ex)            **Date:** March 27, 2024
**Title:**     Elsa Garcia Solis v. Nissan North America Inc. et al.

648-49 (9th Cir. 2016)). When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (internal citations and quotation marks omitted).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Therefore, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 89). If "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00728-MWF (Ex) | Date:  March 27, 2024 |
| Title:     Elsa Garcia Solis v. Nissan North America Inc. et al. | |

Actual damages under the Beverly-Song Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  Plaintiff does not contest that the purchase price of the Subject Vehicle was $65,126.48.  (Motion at 8).  Nor does Plaintiff dispute that the amount directly attributable to use by Plaintiff is $2,005.16.  (*Id.*; *see also* Notice of Removal at 7).  Therefore, Plaintiff's actual damages are $63,121.32.

Several courts have found that the maximum recoverable civil penalty — two times Plaintiff's actual damages — should be considered for purposes of determining the amount in controversy.  *See Amavizca v. Nissan N. Am., Inc.*, No. EDCV 22-02256-JAK (KK), 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (collecting cases).  However, Plaintiff relies on *Savall v. FCA US LLC* to support her argument that "civil penalties should not be included unless the removing defendant makes some showing regarding the possibility of civil damages."  No. 21-cv-195-JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021).  "This argument is contradicted by the allegations in the [Complaint] that Defendant's conduct was willful.  Moreover, Defendant is not required to prove the case against itself."  *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021); *see also Brooks v. Ford Motor Co.*, No. CV 20-302-DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will den[y] that it willfully failed to comply with the Song-Beverly."  (internal quotation marks omitted)).

A civil penalty of twice Plaintiff's actual damages results in an amount-in-controversy exceeding the jurisdictional threshold.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.